United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10141
SUMMARY CALENDAR

RAYMOND T. MYERS, SR.,

Plaintiff-Appellant,

versus

DALLAS INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
Case No. #:04-CV-1951-K

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Pro Se Appellant, Raymond T. Myers, appeals the district court's grant of summary judgment to the Dallas Independent School District ("DISD") in this action brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. We find no genuine issue of material fact concerning Myers's claim that DISD failed to hire him due to his age and therefore AFFIRM the district court ruling.

We review a summary judgment grant de novo, applying the same standard as the district court. Rachid v. Jack in the Box,

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Inc.</u>, 376 F.3d 305, 308 (5th Cir. 2004). A district court's grant of summary judgment is proper when the pleadings, affidavits, and other evidence, when viewed in the light most favorable to the nonmovant, show that no genuine issue of material fact exists. <u>TIG Ins. Co. v. Sedgwick James of Washington</u>, 276 F.3d 754, 759 (5th Cir. 2002).

To prevail on an ADEA claim, a plaintiff presenting no direct evidence of age discrimination must make a <u>prima</u> <u>facie</u> showing of discriminatory treatment by demonstrating that: (1) he is a member of the protected class; (2) he was qualified for the employment he sought; (3) in spite of his qualifications, he was not hired and the employer continued to seek applicants with similar qualifications; and (4) the employer ultimately hired someone outside of the protected class or otherwise declined to hire the applicant because of his age. <u>Rachid</u>, 376 F.3d at 309.

Myers was seventy-seven years old at the time of the alleged discrimination, placing him within the class of persons protected by the ADEA. Aside from satisfying this criterion, Myers adduced no summary judgment evidence raising a material issue of fact concerning the other elements of his <u>prima</u> <u>facie</u> case. DISD, in contrast, has presented evidence that Myers's applications were sloppily prepared, that he interviewed poorly, and that he made inappropriate comments to interviewers. DISD has also demonstrated that because it considered Myers unqualified, it did not continue to seek individuals with his qualifications. Finally, Myers

2

offered no evidence that the position he sought was filled by a younger applicant. Neither Myers's unsubstantiated assertions to the contrary nor his subjective belief that he was the subject of discrimination is sufficient to controvert DISD's evidence. <u>See</u> <u>Byers v. Dallas Morning News, Inc.</u>, 209 F.3d 419, 427 (5th Cir. 2000); <u>Ray v. Tandem Computers, Inc.</u>, 63 F.3d 429, 434 (5th Cir. 1995).[1]

Because Myers produced no material evidence of age discrimination, the district court's grant of summary judgment to DISD is **AFFIRMED**.

---

[1]We do not consider on appeal "evidence" recited by Myers that was not included in the trial court record.